Hon. Wendy A. Kinsella

United States Bankruptcy Court

Northern District of New York

James M. Hanley Federal Building

100 S. Clinton Street

Syracuse, NY 13261

**RECEIVED & FILED**

**SEP 0 8 2025**

OFFICE OF THE BANKRUPTCY CLERK
SYRACUSE, NY

**September 4, 2025**

Re: Metro Mattress Corp. Chapter 11 Bankruptcy (Case No. 5:24-bk-30773) – Summary of Communications Regarding Proposed Asset Purchase and Request for Court Intervention

Dear Judge Kinsella,

I am writing on behalf of Retail Talent Solutions, a Pennsylvania single-member limited liability corporation, to provide a detailed summary of our communications with key stakeholders in the above-referenced Chapter 11 bankruptcy case of Metro Mattress Corp. (the "Debtor"). As a potential purchaser of certain assets of the Debtor, we have made repeated, good-faith efforts to engage with the Debtor's counsel and a secured creditor (the "Bank") regarding our $1,000,000 cash offer to acquire assets, including inventory, intellectual property, customer lists, and designated store leases. Despite these efforts, the Debtor has failed to respond or engage, prompting us to seek the Court's assistance to compel consideration of our bid or initiation of a Section 363 sale process. This summary is submitted respectfully to update the Court on these communications and to highlight the urgency of the matter, given the Debtor's reported financial distress, the absence of other bids, and the Bank's potential push for conversion to Chapter 7.

As background, Retail Talent Solutions, led by Dr. William S. Spudis (former President, CEO, and CFO of Metro Mattress Corp.), has the industry expertise and secured financing to complete this transaction efficiently, maximizing value for creditors while preserving operations and jobs. Our offer aligns with the Debtor's fiduciary duty to maximize estate value under 11 U.S.C. § 1107, particularly in light of the Debtor's liabilities of $10,000,000 to $50,000,000 against assets of $1,000,000 to $10,000,000, and its reported cash shortages that threaten ongoing operations across 40 stores on upstate NY.

## Summary of Communications with Secured Creditor (the Bank)

On August 30, 2025, we submitted a formal offer letter to the Bank, as a secured creditor, outlining our proposal to purchase the assets.

- Purchaser: Retail Talent Solutions, with principal place of business at 30 S 15th St Ste 1550 #401190, Philadelphia, PA 19102.

- Assets: All inventory, equipment, intellectual property (including Chill, Pride of America, and American Splendor brands), customer lists, and leases for North,

> East, West, Liverpool, Oswego, Utica, New Hartford, Greece, Henrietta, Irondequoit, Cortland, Ithaca, Auburn, Geneseo, Watertown, Canandaigua, Horseheads, Webster, Wolf, Niskayuna, Glenmont, Wilton, Clifton Park, Vestal, Lansing, Oneonta, Norwich, Johnson City, John Glenn, Rome, Geneva, and Johnstown.
>
> - Excluded Assets: Leases for Niagara Falls, Amherst, Delaware, Union, Hamburg, Lockport, Olean, and Batavia.
>
> - Purchase Price: $1,000,000 in cash, payable at closing, subject to a definitive asset purchase agreement (APA).
>
> - Assumed Liabilities: Obligations under the assumed leases; all other liabilities remain with the estate.
>
> - Conditions: Court approval under 11 U.S.C. § 363, due diligence, and no material adverse changes.
>
> - Timeline: Draft APA within 10 days, due diligence within 10 days, closing within 30 days of approval.
>
> - Rationale: The offer maximizes creditor recovery, preserves jobs, and ensures operational continuity, while reserving the right to adjust lease assumptions during due diligence.

On September 3, 2025, we sent a follow-up letter to the Bank reiterating the offer and requesting support for a motion to compel the Debtor to consider our bid or initiate a Section 363 sale process. We emphasized the advantages of our offer over Chapter 7 liquidation, including higher recovery potential and preservation of value through lease assumptions. We believe our offer aligns with their interest in maximizing recovery on their secured claim.

## Summary of Communications with Debtor's Counsel

On Sept 3, 2025, we sent a summary letter to Jeffrey A. Dove, Esq., as counsel for the Debtor, providing a detailed overview of our offer and requesting immediate engagement. The letter summarized the same key terms as our communication with the Bank and urged the Debtor to evaluate the bid, given the absence of other offers and the risk of Chapter 7 conversion. We requested the Debtor to initiate a Section 363 sale process with our bid as a stalking horse, including protections such as a 1-3% break-up fee ($10,000-$30,000). We highlighted the Debtor's financial distress, the Bank's Chapter 7 threat, and the benefits of our offer, including job preservation and reduced exposure for personal guarantors.

## Additional Context and Request for Court Intervention

As noted, our offer is the only known bid in this case and provides $1,000,000 in cash while assuming leases to maintain operational continuity. This proposal not only maximizes creditor recovery but also preserves jobs and aligns with the goals of Chapter 11

reorganization. In contrast, conversion to Chapter 7 would likely result in store closures, discounted asset sales, and increased liability for personal guarantors, harming all parties.

Given the Debtor's non-response and the imminent threat of Chapter 7 conversion, we respectfully request that the Court intervene by:

    1. Compelling the Debtor to evaluate our $1,000,000 bid within 10 days or provide justification for its refusal.

    2. Directing the Debtor to initiate a Section 363 sale process, with our bid designated as a stalking horse, including reasonable protections such as a break-up fee and expense reimbursement.

    3. Denying or delaying any motion to convert to Chapter 7 pending evaluation of our offer.

    4. Scheduling an expedited hearing on this matter to prevent further deterioration of the estate's value due to cash constraints.

We are prepared to file a formal motion to this effect if necessary, but we believe this summary will assist the Court in understanding the urgency and potential benefits of our offer. We are available to provide additional documentation, including proof of financing, or to appear at a hearing.

Thank you for your attention to this matter. We appreciate the Court's role in ensuring a fair and efficient resolution that maximizes value for creditors and stakeholders. Please contact me at (272) 351-0618 or wspudis@retailtalentsolutions.com if further information is required.

Sincerely,

Dr. William S. Spudis, DBA

Owner & Founder

Retail Talent Solutions

30 S 15th St Ste 1550 #401190

Philadelphia, PA 19102