So Ordered.

Signed this 10 day of October, 2025.



_____

Wendy A. Kinsella
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**
**SYRACUSE DIVISION**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| METRO MATTRESS CORP. | : | Case No. 24-24-30773-5 (WAK) |
| | : | |
| Debtor. | : | |

**INTERIM ORDER (I) AUTHORIZING AND APPROVING
THE CONDUCT OF STORE CLOSING SALES, WITH SUCH SALES
TO BE FREE AND CLEAR OF ALL LIENS, CLAIMS, AND
ENCUMBRANCES, AND (II) GRANTING RELATED RELIEF**

Upon the *Debtor's Motion for Entry of Interim and Final Orders (I) Authorizing and Approving the Conduct of Store Closing Sales, with Such Sales to Be Free and Clear of All Liens, Claims, and Encumbrances,, and (II) Granting Related Relief* (the "Motion"),[1] seeking entry of an interim order (this "Interim Order"): (a) authorizing and approving the initiation of store closing or similar themed sales (the "Store Closing Sales") at the stores identified on **Schedule 1** attached hereto (collectively, the "Closing Stores"); (b) providing that such sales shall be free and clear of

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

1

32541623.1

all liens, claims, and encumbrances (the "Sales"), in accordance with the terms of the store closing sale guidelines (the "Sale Guidelines"), attached as **Schedule 2** hereto; (c) scheduling a final hearing to consider approval of the Motion on a final basis, and (d) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtor's notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor

**IT IS HEREBY FOUND AND DETERMINED THAT**:[1]

    A.    The Debtor has advanced sound business reasons for adopting the Sale Guidelines, on an interim basis subject to the Final Hearing, as set forth in the Motion and at the Hearing.

    B.    The Sale Guidelines, which are attached hereto as **Schedule 2**, are reasonable and appropriate, and the conduct of the Sales in accordance with the Sale Guidelines will provide an efficient means for the Debtor to dispose of the Closing Store Assets, and are in the best interest of the Debtor's estate.

    C.    The relief set forth herein is necessary to avoid immediate and irreparable harm to the Debtor and its estate and the Debtor has demonstrated good, sufficient, and sound business purposes and justifications for the relief approved herein.

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact where appropriate. *See* Fed. R. Bankr. P. 7052.

32541623.1

D. The Store Closing Sales are in the best interest of the Debtor's estate.

E. The Dispute Resolution Procedures are fair and reasonable and comply with applicable law.

F. The entry of this Interim Order is in the best interests of the Debtor and its estate, creditors, interest holders, and all other parties in interest herein; and now therefore it is **HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** on an interim basis to the extent set forth herein.

2. A further interim hearing on the Motion will be held on **October 15, 2025 at 11:30 a.m. (Eastern Standard Time)**. Objections, if any, that relate to the Motion shall be filed and served so as to be actually received by the following parties on or before **October 14, 2025 at 4:00 p.m. (Eastern Standard Time)**: (a) Barclay Damon LLP, Barclay Damon Tower, 125 East Jefferson Street, Syracuse, New York 13202, (Attn: Jeffrey A. Dove, Esq.); (b) Lemery Greisler LLC, 677 Broadway, 8th Floor, Albany, New York 12207 (Attn: Meghan M. Breen and Paul A. Levine), (c) the United States Trustee for the Northern District of New York, 100 State Street, Suite 4230, Rochester, New York 14614 (Attn: Erin P. Champion, Asst. United States Trustee) and (iv) Platzer Swergold Goldberg Katz & Jawlos LLP, One Penn Plaza, Suite 3100, New York, NY 10119, Attn: Clifford A. Katz, Esq. *JWAK*

3. To the extent any conflict between this Interim Order and the Sale Guidelines, the terms of this Interim Order shall control.

**I.    Authority to Engage in Sales and Conduct Store Closings.**

4. The Debtor is authorized, on an interim basis pending the Final Hearing, pursuant to sections 105(a) and 363(b)(1) of the Bankruptcy Code, commence, and conduct Closing Sales

3

32541623.1

at the Closing Stores[2] in accordance with this Interim Order and the Sale Guidelines, as may be modified by any Side Letters (as defined below) between the Debtors and the landlords at the Closing Stores.

5. The Sale Guidelines are approved in their entirety on an interim basis.

6. The Debtor is authorized to discontinue operations at the Closing Stores in accordance with this Interim Order and the Sale Guidelines.

7. Neither the Debtor nor any of its officers, employees, or agents shall be required to obtain the approval of any third party, including (without limitation) any Governmental Unit (as defined under section 101(27) of the Bankruptcy Code) or landlord, to conduct the Closing Sales and to take the related actions authorized herein.

## II. Conduct of the Sales.

8. Subject to the Dispute Resolution Procedures provided for in this Interim Order, the Debtor is hereby authorized to take such actions as may be necessary and appropriate to conduct the Closing Sales without necessity of further order of this Court as provided in the Sale Guidelines (subject to any Side Letters), including, but not limited to, advertising the Close Sales as a "store closing sale", "sale on everything", "everything must go", "going-out-of-business", or similar-themed sales as contemplated in the Sale Guidelines.

9. Except as expressly provided in the Sale Guidelines, the sale of the Closing Store Assets shall be conducted by the Debtor, notwithstanding any Contractual Restrictions to the contrary. Any and all Contractual Restrictions shall not be enforceable in conjunction with the

---

[2] The authority provided to the Debtor to conduct Store Closing Sales at the Closing Stores shall not require the Debtor to conduct a Store Closing Sale at each Closing Store. The Debtor, in the reasonable exercise of its business judgment, may determine to close a Closing Store without conducting a Store Closing Sale, and may transfer the assets from such a store to another Closing Store. The closing of a Closing Store shall be in compliance with the terms of this Interim and the Sale Guidelines.

4

Store Closing Sales and the Sales. Any breach of any such provisions in this chapter 11 case in conjunction with the Store Closings or the Store Closing Sales shall not constitute a default under a lease or provide a basis to terminate the lease; *provided* that the Store Closings and Store Closing Sales are conducted in accordance with the terms of this Interim Order, any Side Letter, and the Sale Guidelines. The Debtor and landlords of the Closing Stores are authorized to enter into agreements ("Side Letters") between themselves modifying the Sale Guidelines without further order of the Court, and such Side Letters shall be binding as between the Debtor and any such landlords, *provided* that nothing in such Side Letters affects the provisions of this Interim Order. In the event of any conflict between the Sale Guidelines, any Side Letter, and this Interim Order, the terms of such Side Letter shall control. Copies of any Side Letters will be provided to the U.S. Trustee, Lemery Greisler LLP, Goetz Platzer, LLP at least two (2) business days' prior to execution of any Side Letters (which period may be shortened or waived if so consented to by the U.S. Trustee, Lemery Greisler LLP, and Goetz Platzer, LLP).

10. Except as expressly provided for herein or in the Sale Guidelines, no person or entity, including, but not limited to, any landlord, subtenant, licensor, service providers, utilities, or creditors, shall take any action to directly or indirectly prevent, interfere with, or otherwise hinder consummation of the Store Closing Sales, the Sales, or the sale of the Closing Store Assets, and all such parties and persons and entities of every nature and description, including, but not limited to, any landlord, subtenant, licensor, service providers, utilities, and creditors and all those acting for or on behalf of such parties, are prohibited and enjoined from (a) interfering in any way with, obstructing, or otherwise impeding, the conduct of the Store Closings Sales and the Sales, and/or (b) instituting any action or proceeding in any court (other than in this Court) or administrative body seeking an order or judgment against, among others, the Debtor or the

5

landlords at the Closing Stores that might in any way directly or indirectly obstruct or otherwise interfere with or adversely affect the conduct of the Store Closing Sales, the Sales, or the sale of the Closing Store Assets or other liquidation sales at any Closing Stores and/or seek to recover damages for breach(es) of covenants or provisions in any lease, sublease, license, or contract based upon any relief authorized herein.

11. The Debtor is directed to remit all taxes arising from the Store Closing Sales to the applicable Governmental Units as and when due, *provided* that, in the case of a *bona fide* dispute, the Debtor is only directed to pay such taxes upon the resolution of such dispute, if and to the extent that the dispute is decided in favor of the applicable Governmental Unit. For the avoidance of doubt, sales taxes collected and held in trust by the Debtor shall not be used to pay any creditor or any other party, other than the applicable Governmental Unit for which the sales taxes are collected. This Interim Order does not enjoin, suspend, or restrain the assessment, levy, or collection of any tax under state or federal law, and does not constitute a declaratory judgment with respect to any party's liability for taxes under state or federal law.

12. Pursuant to section 363(f) of the Bankruptcy Code, the Debtor is authorized to sell the Closing Store Assets, and all sales of Closing Store Assets shall be free and clear of any and all liens, claims, encumbrances, and other interests; *provided, however*, that any such liens, claims, encumbrances, and other interests shall attach to the proceeds of the sale of the Closing Store Assets with the same validity, in the amount, with the same priority as, and to the same extent that any such liens, claims, and encumbrances have with respect to the Closing Store Assets, subject to any claims and defenses that the Debtor may possess with respect thereto.

13. The Debtor is authorized and empowered to transfer Closing Store Assets among and into the Debtor's store locations in accordance with the Sale Guidelines, as applicable.

14. Nothing herein shall limit the Debtor's right to suspend, postpone, or discontinue a Store Closing Sale at one or more Closing Stores on notice to affected parties.

15. Nothing herein is intended to affect any rights of any applicable Government Unit to enforce any law affecting the Debtor's conduct of any store closing sale that occurred before the Petition Date.

**III.    Dispute Resolution Procedures with Governmental Units.**

16. The Store Closing Sales and the Sales shall not be exempt from laws of general applicability, including, without limitation, public health and safety, criminal, tax, (including, but not limited to, the collection of sales taxes), labor, employment, environmental, antitrust, fair competition, traffic and consumer protection laws, including consumer laws regulating deceptive practices and false advertising, the sale of gift certificates, layaway programs, return of goods, express or implied warranties of goods, and "weights and measures" regulation and monitoring (collectively, "General Laws").  Nothing in this Interim Order, the Sale Guidelines, or any Side Letter shall alter or affect obligations to comply with all applicable federal safety laws and regulations. Nothing in this Interim Order shall be deemed to bar any Governmental Unit (as such term is defined in section 101(27) of the Bankruptcy Code) from enforcing General Laws in the applicable non-bankruptcy forum, subject to the Debtor's rights to assert in that forum or before this Court, that any such laws are not in fact General Laws or that such enforcement is impermissible under the Bankruptcy Code or this Interim Order.  Notwithstanding any other provision in this Interim Order, no party waives any rights to argue any position with respect to whether the conduct was in compliance with this Interim Order and/or any applicable law, or that enforcement of such applicable law is preempted by the Bankruptcy Code.  Nothing in this Interim Order shall be deemed to have made any rulings on any such issues.

17. To the extent that the sale of Closing Store Assets is subject to any Liquidation Sale Laws, the following provisions of this paragraph 17 shall apply and control over any Side Letters:

   i. Provided that the Sales are conducted in accordance with this Interim Order and the Sale Guidelines, the Debtor and the Debtor's landlords shall be deemed to be in compliance with any requirements of all county, parish, municipal, or other local government (collectively, "Local") and state Liquidation Sale Laws that would otherwise apply to the Store Closing Sales or the Sales; *provided*, that the term "Liquidation Sale Laws" shall not include any public health or safety laws of any state (collectively, "Safety Laws"), and the Debtor shall continue to be required to comply, as applicable, with such Safety Laws and General Laws, subject to any applicable provision of the Bankruptcy Code and federal law, and nothing in this Interim Order shall be deemed to bar Governmental Units (as defined in section 101(27) of the Bankruptcy Code) or public officials from enforcing Safety Laws or General Laws.

   ii. Within five business days after entry of this Interim Order, or as soon as reasonably practicable thereafter, the Debtor will serve by first-class mail, copies of this Interim Order, the proposed Final Order, and the Sale Guidelines on the following: (a) the Attorney General's office for New York State, and (b) the landlords for the Closing Stores; (collectively, the "Dispute Notice Parties").

   iii. To the extent that there is a dispute arising from or relating to the Store Closing Sales, the Sales, this Interim Order, or the Sale Guidelines, which dispute relates to any Liquidation Sale Laws (a "Reserved Dispute"), the Court shall retain exclusive jurisdiction to resolve the Reserved Dispute. Within ten days following entry of this Interim Order, any Governmental Unit may assert that a Reserved Dispute exists by serving a notice (the "Dispute Notice") explaining the nature of the dispute on: (a) Barclay Damon LLP, Barclay Damon Tower, 125 East Jefferson Street, Syracuse, New York 13202 (Attn: Jeffrey A. Dove); (b) Lemery Greisler LLC, 677 Broadway, 8th Floor, Albany, New York 12207 (Attn: Meghan M. Breen and Paul A. Levine); (c) the United States Trustee for the Northern District of New York, 100 State Street, Suite 4230, Rochester, New York 14614 (Attn: Erin P. Champion, Asst. United States Trustee); (d) Platzer Swergold Goldberg Katz & Jawlos LLP, One Penn Plaza, Suite 3100, New York, NY 10119, Attn: Clifford A. Katz, Esq.; and (e) the affected landlord or its known counsel. If the Debtor and the Governmental Unit are unable to resolve the Reserved Dispute within fifteen days after service of the Dispute Notice, the Governmental Unit may file a motion with the Court requesting that the Court resolve the Reserved Dispute (a "Dispute Resolution Motion").

   iv. If a Dispute Resolution Motion is filed, nothing in this Interim Order shall preclude the Debtor, a landlord, or any other interested party from asserting (a) that the provisions of any Liquidation Sale Laws are preempted by the

        Bankruptcy Code, or (b) that neither the terms of this Interim Order, nor the conduct of the Debtor pursuant to this Interim Order, violates such Liquidation Sale Laws. The filing of a Dispute Resolution Motion as set forth herein shall not be deemed to affect the finality of this Interim Order or to limit or interfere with the Debtor's ability to conduct or to continue to conduct the Store Closing Sales pursuant to this Interim Order absent further order of the Court. Upon the entry of this Interim Order, the Court expressly authorizes the Debtor to conduct the Store Closing Sales pursuant to the terms of the Interim Order and the Sale Guidelines (as may be modified by Side Letters) and to take all actions reasonably related thereto or arising in connection therewith. The Governmental Unit will be entitled to assert any jurisdictional, procedural, or substantive arguments it wishes with respect to the requirements of its Liquidation Sale Laws or the lack of any preemption of such Liquidation Sale Laws by the Bankruptcy Code. Nothing in this Interim Order will constitute a ruling with respect to any issues to be raised in any Dispute Resolution Motion.

    v. If, at any time, a dispute arises between the Debtor and a Governmental Unit as to whether a particular law is a Liquidation Sale Law, and subject to any provisions contained in this Interim Order related to the Liquidation Sale Laws, then any party to that dispute may utilize the provisions of subparagraphs (iii) and (iv) above by serving a notice to the other party and proceeding thereunder in accordance with those paragraphs. Any determination with respect to whether a particular law is a Liquidation Sale Law shall be made *de novo.*

    18.    Subject to paragraphs 16 and 17 above, each and every federal, state, or local agency, department, or Governmental Unit with regulatory authority over the Store Closing Sales or the Sales shall consider this Interim Order as binding authority that no further approval, license, or permit of any Governmental Unit shall be required, nor shall the Debtor be required to post any bond, to conduct the Store Closing Sales.

    19.    Provided that the Store Closings and the Sales are conducted in accordance with the terms of this Interim Order and the Sale Guidelines (as may be modified by Side Letters) and in light of the provisions in the laws that exempt court-ordered sales from their provisions, the Debtor shall be presumed to be in compliance with any Liquidation Sale Laws and are authorized to conduct the Store Closing Sales and the Sales in accordance with the terms of this Interim Order and the Sale Guidelines (as may be modified by Side Letters) without the necessity of further showing compliance with any such Liquidation Sale Laws.

32541623.1

20. Nothing in this Interim Order, the Sale Guidelines, or any Side Letter releases, nullifies, or enjoins the enforcement of any liability to a Governmental Unit under environmental laws or regulations (or any associated liabilities for penalties, damages, cost recovery, or injunctive relief) to which any entity would be subject as the owner, lessor, lessee, or operator of the property after the date of entry of this Interim Order. Nothing contained in this Interim Order, the Sale Guidelines, or any Side Letter shall in any way: (a) diminish the obligation of any entity to comply with environmental laws; or (b) diminish the obligations of the Debtor to comply with environmental laws consistent with their rights and obligations as debtors in possession under the Bankruptcy Code.

**V.    Other Provisions.**

21. Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the validity of any particular claim against the Debtor; (b) a waiver of the Debtor's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion; (e) an authorization to assume any agreement, contract, or lease, pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtor's, or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtor that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the Motion or this Interim Order are valid, and the rights of all parties are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

22. Notwithstanding anything to the contrary contained in the Motion or this Interim Order, any payment to be made, obligation incurred, or relief or authorization granted hereunder shall not be inconsistent with, and shall be subject to and in compliance with, the requirements imposed on the Debtor under the terms of each interim and final order (the "<u>DIP Orders</u>") entered by the Court in respect of the Debtor's *Motion for Interim and Final Orders Authorizing Use of Cash Collateral and Debtor in Possession Financing* (the "Cash Collateral/DIP Motion"), including compliance with any budget or cash flow forecast in connection therewith and any other terms and conditions thereof. Nothing herein is intended to modify, alter, or waive, in any way, any terms, provisions, requirements, or restrictions of the DIP Orders and to the extent of any conflict or inconsistency between this Interim Order and the DIP Orders, the DIP Orders shall govern and control.

23. On a confidential basis and upon the written (including email) request of the U.S. Trustee or the Official Committee of Unsecured Creditors, the Debtor shall provide copies of periodic reports on a monthly basis concerning the Store Closing Sales that are prepared by the Debtor or its professionals; *provided*, however, that the foregoing shall not require the Debtor or their professionals to prepare or undertake to prepare any additional or new reports other than the weekly Store Closing Sales reports. In addition, the Debtor shall provide such reports and information as may be provided to its Lender with respect to the Store Closing Sales and consult and advise the Official Committee of Unsecured Creditors with its status and progress.

24. Upon the Debtor removing its property from a Closing Store and delivering the access code or keys to the property to the landlord and advising the landlord that it has vacated the Closing Store, each landlord of a Closing Stores shall have immediate access to its Closing Store premises and shall be free to re-let the premises without further order of this or any other Court.

32541623.1

Any personal property of the Debtor remaining at a Closing Store after notification is provided as set forth above shall be deemed abandoned by the Debtor. The Debtor shall use commercially reasonable efforts to vacate the Closing Stores as promptly as possible, and in accordance with the dates set forth in **Schedule 1** annexed hereto.

25. The requirements set forth in Bankruptcy Rule 2002(a)(2) are satisfied by the contents of the Motion or otherwise deemed waived.

26. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Interim Order in accordance with the Motion.

27. Notwithstanding Bankruptcy Rule 6004(h) to the contrary, this Interim Order shall be effective and enforceable immediately upon entry hereof.

28. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

29. The Debtor shall serve a copy of this Interim Order and the Motion on (a) the Office of the United States Trustee for the Northern District of New York, (b) counsel for Community Bank, N.A., (c) the United States Small Business Administration (or its counsel), (d) the landlord (or its counsel) for each Closing Store, (e) the Attorney General for New York State, and (f) all parties having filed a request for service of papers and pleading in this case.

30. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

# # #

# Schedule 1

# Closing Stores

32541623.1

| # | Store Address | Store Closing | # | Store Address | Store Closing |
|---|---|---|---|---|---|
| #102 | NORTH<br>7905 Brewerton Rd.<br>Cicero, NY 13039 | Exit Date<br>est. 10/13/2025 | #127 | GLENMONT<br>316 Route 9W<br>Glenmont, NY 12077 | GOB Store |
| #103 | EAST<br>3245 Erie Blvd.<br>Dewitt, NY 13214 | GOB Store | #129 | WILTON<br>3057 Route 50   Suite 8<br>Saratoga Springs, NY 12866 | Exit Date<br>est. 10/15/2025 |
| #104 | WEST<br>3514 West Genesee St<br>Syracuse, NY 13219 | Exit Date<br>est. 10/21/2025 | #131 | CLIFTON PARK<br>22 Clifton Country Rd. # 155<br>Clifton Park, NY 12065 | **Exit Date<br>10/6/2025** |
| #105 | LIVERPOOL<br>7612 Oswego Rd.<br>Liverpool, NY 13088 | Exit Date<br>est. 10/13/2025 | #135 | LOCKPORT<br>6255 Transit Rd. Ste. 100<br>Lockport, NY 14094 | est. 10/10/2025 |
| #106 | OSWEGO<br>137 Route 104<br>Oswego, NY 13126 | Exit Date<br>est. 10/21/2025 | #136 | AMHERST<br>1270 Niagara Falls Blvd<br>Tonawanda, NY 14150 | GOB Store |
| #107 | UTICA / YORKVILLE<br>4968 Commercial Dr.<br>Yorkville, NY 13495 | Exit Date<br>est. 10/14/2025 | #137 | HAMBURG<br>3540 McKinley Pkwy.<br>Buffalo, NY 14219 | Exit Date<br>est. 10/21/2025 |
| #108 | NEW HARTFORD<br>4827 Commercial Dr.<br>New Hartford, NY 13413 | Exit Date<br>est. 10/14/2025 | #138 | NIAGARA FALLS<br>2212 Military Rd.<br>Niagara Falls, NY 14304 | Exit Date<br>est. 10/10/2025 |
| #109 | GREECE<br>2649 West Ridge Rd.<br>Rochester, NY 14626 | GOB Store | #139 | DELAWARE<br>2625 Delaware Ave.<br>Buffalo, NY 14216 | Exit Date<br>est. 10/16/2025 |
| #110 | HENRIETTA<br>1000 Hylan Dr.<br>Rochester, NY 14623 | Exit Date<br>est. 10/7/2025 | #142 | BATAVIA<br>4187 Veterans Memorial Dr.<br>Batavia, NY 14020 | Exit Date<br>est. 10/17/2025 |
| #112 | IRONDEQUOIT<br>1894 Ridge Rd. East<br>Rochester, NY 14622 | GOB Store | #143 | UNION<br>3859 UNION RD.<br>CHEEKTOWAGA, NY 14225 | Exit Date<br>est. 10/16/2025 |
| #114 | CORTLAND<br>3906 Route 281<br>Cortland, NY 13045 | Exit Date<br>est. 10/22/2025 | #144 | OLEAN<br>3061 West State St.<br>Olean, NY 14760 | Exit Date<br>est. 10/23/2025 |
| #115 | ITHACA<br>408 Elmira Rd. Ste. 100<br>Ithaca, NY 14850 | Exit Date<br>est. 10/22/2025 | #145 | VESTAL<br>2508 Vestal Prky. East<br>Vestal, NY 13850 | Exit Date<br>est. 10/8/2025 |
| #116 | AUBURN<br>197 Grant Ave.<br>Auburn, NY 13021 | Exit Date<br>est. 10/23/2025 | #146 | LANSING<br>2300 N. Triphammer Rd.<br>Ithaca, NY 14850 | Exit Date<br>est. 10/9/2025 |
| #117 | GENESEO<br>4245 Lakeville Rd. Ste. 2<br>Geneseo, NY 14454 | Exit Date<br>est. 10/17/2025 | #147 | ONEONTA<br>4987 State Highway 23<br>Oneonta, NY 13820 | Exit Date<br>est. 10/8/2025 |
| #118 | WATERTOWN<br>20991 State Route 3<br>Watertown, NY 13601 | Exit Date<br>est. 10/24/2025 | #148 | JOHNSON CITY<br>218 Reynolds Road<br>Johnson City, NY 13790 | Exit Date<br>est. 10/20/2025 |
| #119 | CANANDAIGUA<br>4237 Recreation Dr. Ste.4<br>Canandaigua, NY 14424 | Exit Date<br>est. 10/23/2025 | #149 | NORWICH<br>5403 State Route 12<br>Norwich, NY 13815 | Exit Date<br>est. 10/20/2025 |
| #120 | HORSEHEADS<br>1641 County Route 64<br>Horseheads, NY 14845 | Exit Date<br>est. 10/22/2025 | #150 | JOHN GLENN<br>3545 John Glenn Blvd.<br>Syracuse, NY 13209 | GOB Store |
| #122 | WEBSTER<br>975 Ridge Rd.<br>Webster, NY 14580 | Exit Date<br>est. 10/7/2025 | #152 | ROME<br>1885 Black River Blvd.<br>Rome, NY 13440 | Exit Date<br>est. 10/24/2025 |
| #125 | WOLF ROAD<br>41 Wolf Road<br>Albany, NY 12205 | GOB Store | #154 | GENEVA<br>1 White Springs Road<br>Geneva, NY 14456 | Exit Date<br>est. 10/9/2025 |
| #126 | NISKAYUNA<br>441 Balltown Rd<br>Niskayuna, NY 12309 | Exit Date<br>10/6/2025 | #160 | JOHNSTOWN<br>213-D N Comrie Ave<br>Johnstown, NY 12095 | Exit Date<br>est. 10/15/2025 |

32541623.1

# Schedule 2

# Sale Guidelines

32541623.1

## Sale Guidelines[4]

1. The authority provided to the Debtor to conduct Store Closing Sales at the Closing Stores shall not require the Debtor to conduct a Store Closing Sale at each Closing Store.  The Debtor, in the reasonable exercise of its business judgment, may determine to close a Closing Store without conducting a Store Closing Sale, and may transfer the assets from such a store to another Closing Store.  The closing of a Closing Store shall be in compliance with the terms of the Interim or Final Order and these Sale Guidelines.

2. At the conclusion of a Store Closing Sale at a Closing Store, the Debtor shall vacate the Closing Store.

3. The Debtor may advertise the Sales as "store closing", "sale on everything", "everything must go", "everything on sale", "going-out-of-business" or similar-themed sales.  The Debtor may also have a "countdown to closing" sign prominently displayed in a manner consistent with these Sale Guidelines.

4. The Debtor shall be permitted to utilize displays, hanging signs, and interior banners in connection with the Sales; *provided* that such display, hanging signs, and interior banners shall be professionally produced and hung in a professional manner.  The Debtors shall not use neon or day-glo on its display, hanging signs, or interior banners.

5. Conspicuous signs shall be posted in the cash register areas of each of the affected Closing Stores to effect that "all sales are final."

6. The Debtor shall not make any alterations to interior or exterior Closing Store lighting, except as authorized by the applicable lease.  No property of the landlord of a Closing Store shall be removed or sold during the Store Closing Sales.  The hanging of exterior banners or in-Closing Store signage and banners shall not constitute an alteration to a Closing Store.

7. The Debtor shall keep Closing Store premises and surrounding areas clear and orderly consistent with present practices.

8. The Debtor and the landlord of any Closing Store are authorized to enter into Side Letters without further order of the Court, provided that such agreements do not have a material adverse effect on the Debtors or their estates.

9. Upon the Debtor removing its property from a Closing Store and delivering the access code or keys to the property to the landlord and advising the landlord that it has vacated the Closing Store, each landlord of a Closing Stores shall have immediate access to its Closing Store premises and shall be free to re-let the premises without further order of this or any other Court. Any personal property of the Debtor remaining at a Closing Store after notification is provided as set forth above shall be deemed abandoned by the Debtor.

10. The rights of landlords against Debtor for any damages to a Closing Store shall be reserved in accordance with the provisions of the applicable lease.

---

[4] Capitalized terms used but not defined in these Sale Guidelines have the meanings given to them in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing and Approving the Conduct of Store Closing Sales, with Such Sales to Be Free and Clear of All Liens, Claims, and Encumbrances, and (II) Granting Related Relief.*

32541623.1